**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUN 12 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE HERNANDEZ-MORALES,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   15-72228

Agency No. A200-149-703

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 17, 2019
Seattle, Washington

Before: HAWKINS and W. FLETCHER, Circuit Judges, and BURY,** District
Judge.

Jose Hernandez-Morales, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeal's ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable David C. Bury, United States District Judge for the
District of Arizona, sitting by designation.

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014), and we review de novo claims of due process violations in immigration proceedings, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

The agency found that Hernandez-Morales's asylum claim was time-barred and that he did not qualify for an exception to the one-year deadline. *See* 8 U.S.C. § 1158(a)(2)(B), (D). During oral argument, Hernandez-Morales, through counsel, conceded that his asylum application was time-barred and declined to challenge the agency's dispositive determination. Thus, Hernandez-Morales's asylum claim fails.

As to withholding of removal, Hernandez-Morales fears harm from drug traffickers in Mexico based on his prior service in the Mexican Army and the anti-drug trafficking work he conducted during that service. He advanced two protected grounds as the basis for his withholding of removal claim: (1) the proposed particular social group of "former military service members who worked in the investigation of illegal drugs," and (2) an imputed political opinion opposing drug trafficking.

Contrary to Hernandez-Morales's contention, the BIA did not violate his due process rights by not addressing whether he established a well-founded fear of

2

persecution, because the BIA was not required to reach issues unnecessary to its dispositive determination on his withholding of removal claim. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring a showing of error to prevail on a due process claim); *see also Simeonov*, 371 F.3d at 538 (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence supports the agency's determination that Hernandez-Morales failed to establish that any harm he had experienced or would experience in Mexico was or would be on account of a protected ground. The record shows that during the time Hernandez-Morales lived in Mexico, and during his later visits to Mexico from the United States, he never experienced personal contact, physical harm, or threats from drug traffickers, and he was never the subject of any recruitment efforts by a drug trafficking organization. Further, Hernandez-Morales's testimony made clear that his fellow service member, Pino, was a *current* member of the military when killed by perpetrators that Hernandez-Morales believed were drug traffickers, which distinguishes the harm Pino suffered from that feared by Hernandez-Morales as a *former* member of the military. Finally, the remaining record evidence, including a letter from Hernandez-Morales's wife and the 2011 State Department Country Report on Human Rights, is insufficient to compel a contrary conclusion to the agency's finding of no nexus to a protected ground. *See Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997)

(the agency's factual findings are to be reversed only if the evidence compels the contrary conclusion). Thus, Hernandez-Morales's withholding of removal claim fails. *See Singh v. Holder*, 764 F.3d 1153, 1159 (9th Cir. 2014) (establishing nexus between persecution and an imputed political opinion requires a showing that persecutors believed the applicant held a political opinion and targeted him because of it); *Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group" (emphasis in original)); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Substantial evidence also supports the agency's denial of CAT relief because Hernandez-Morales failed to show that it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Garcia-Milian*, 755 F.3d at 1033–35 (setting out the standard for CAT relief and determining the record did not compel the conclusion that the applicant established the state action component necessary to merit CAT relief).

Finally, Hernandez-Morales waived any challenge to the BIA's denial of his request to administratively close his case. *See Ghahremani v. Gonzales*, 498 F.3d

4

993, 997–98 (9th Cir. 2007) (issues not raised and argued in the opening brief are deemed waived).

**PETITION DENIED.**